UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 04-54-DCR |
| | ) | Civil Action No. 6: 09-7069-DCR |
| v. | ) | |
| | ) | |
| LEON COMBS, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant/Movant. | ) | **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of a number of motions, including the Defendant's most recent motion requesting a change of venue or, alternatively, that the matter be reassigned to Chief District Judge Jennifer B. Coffman. [Record No. 85] In essence, Defendant Leon Combs is seeking to have the undersigned recuse from further participation in this case. The Court finds the basis for the motion to be wholly frivolous. Accordingly, the relief sought will be denied.

   A.   <u>The Standard for Recusal</u>

Judicial disqualification is mandated under 28 U.S.C. § 455(a) "in any proceeding in which [the Court's] impartiality might reasonably be questioned." Section 455(b)(1) further requires disqualification "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The standard for judicial disqualification is set forth in *Liteky v. United States*, 510 U.S. 540, 555 (1994):

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . *Not* establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

The Sixth Circuit has adopted the *Liteky* standard in judicial disqualification cases. *See, e.g.*, *Lyell v. Renico*, 470 F.3d 1177, 1186-87 (6th Cir. 2006); *Alley v. Bell*, 307 F.3d 380, 386 (6th Cir. 2002). Further, the undersigned is also mindful that the Sixth Circuit has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted).

B. <u>Prior Judicial Proceedings</u>

A review of the Court's electronic case filing system indicates that the undersigned has previously presided over several matters involving Defendant Combs. On June 27, 2008, Combs filed a civil action against United States Senior District Judge Joseph M. Hood and Assistant

United States Attorney Roger West following a criminal conviction that is the subject of the current habeas proceeding. *See Combs v. Hood*, U.S. Dist. Ct., E.D. Ky., Southern Div. at London, No. 6: 08-199-DCR. Ultimately, on October 21, 2008, the Court dismissed the claims against both Judge Hood and Assistant United States Attorney West on the basis of judicial and prosecutorial immunity. [*Id.*; Record No. 9] Thereafter, this Court's decision was affirmed by the United States Court of Appeals for the Sixth Circuit on February 18, 2009. Addressing the merits of Combs' claims, the Sixth Circuit noted that:

> Federal prosecutors are entitled to absolute immunity if their actions are related to their prosecutorial functions. *Lanier v. Bryant*, 332 F.3d 999, 1005 (6th Cir. 2003). Likewise, federal judges enjoy absolute judicial immunity from suits arising out of the performance of their judicial functions. *See Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994). Both Hood and West, respectively [sic], were acting in their official capacities in prosecuting Combs on the firearms charges and presiding over the court proceedings. Accordingly, Combs' complaint has no arguable basis in law and is frivolous. *See Neitzke,* 490 U.S. at 325.

[*Id.*; Record No. 15]

Following the dismissal of the above-referenced case which named Judge Hood and Assistant United States Attorney West as defendants, Combs filed an action on June 24, 2009, against Karen Hogsten, Warden of the Federal Correctional Institution in Manchester, Kentucky under 28 U.S.C. § 2241. *See Combs v. Hogsten*, U.S. Dist. Ct., E.D. Ky., Southern Div. at London, No. 6: 09-213-DCR. After screening, that case was also dismissed. [*Id.*; Record No. 6] As the Court explained in dismissing that action, a person convicted of a federal crime may challenge his conviction by filing a motion to vacate his judgment pursuant to 28 U.S.C. § 2255 rather than § 2241 which is generally used to challenge decisions affecting the manner in which a sentence is carried out. Further, the Court held that Combs' claims did not fall within the

exception to the savings clause of § 2241 because he had not demonstrated that his pending § 2255 motion was inadequate or ineffective to test the legality of his detention. [*Id.*]

Again, the Sixth Circuit affirmed this Court's determination regarding the legal issues raised in Combs' § 2241 petition. As the court noted in its April 22, 2010, decision:

> The district court properly dismissed Combs's petition. Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (internal quotation marks omitted). It is the prisoner's burden of prove [sic] that his remedy under § 2255 is inadequate by presenting a credible claim of actual innocence that is cognizable in a successive § 2255 motion. *See Martin*, 319 F.3d at 804.
>
> Combs has not satisfied this burden. Combs's *Watson* argument was raised in his § 2255 motion which is currently pending before the district court. Because this argument is under consideration in the § 2255 motion to vacate, Combs has not shown that § 2255 is an inadequate remedy for presenting the *Watson* argument. *Id.* Thus, the district court properly dismissed Combs's § 2241 petition.

*See Combs v. Hogsten, supra*, at Record No. 11.

   C. <u>Combs' Current § 2255 Motion and Request for a New Judge</u>

Combs filed the current motion seeking relief under 28 U.S.C. § 2255 on March 17, 2009.[1] [Record No. 52] As the judicial officer presiding over the defendant's conviction and sentencing, Judge Hood was assigned to preside over the habeas motion. However, it is obvious that Judge Hood's assignment did not sit well with Defendant Combs. On March 26, 2009, Combs filed a motion seeking to have Judge Hood recuse from the matter. [Record No. 54] Although Combs' initial motion was denied, Judge Hood later granted a second request. [See

---

[1] The United States Supreme Court denied Combs' petition for a writ of certiorari on May 18, 2009. [Record No. 61]

Record Nos. 55, 69 and 70] As Judge Hood explained, he was not required to recuse under the circumstances presented. Instead, the requested relief was granted to merely "placate" the defendant. [Record No. 70]

This Court has an orderly procedure which is followed when judges recuse from civil and criminal matters. Following Judge Hood's recusal, the matter was reassigned to District Judge Gregory F. Van Tatenhove by procedures established by the United States Court Clerk for the Eastern District of Kentucky. However, in light of Judge Van Tatenhove's former position as United States Attorney for the Eastern District of Kentucky during a portion of the time Defendant Combs' criminal matter was pending, Judge Van Tatenhove also recused and the matter was reassigned to District Judge Amul R. Thapar. [Record No. 82] District Judge Thapar recused, apparently for similar reasons. [Record No. 83] Therefore, pursuant to General Order No. 10-15, the matter was transferred to the undersigned.[2]

---

[2] With respect to cases pending on the Court's docket, Southern Division, at London, General Order No. 10-15 provides as follows:

a. Should Judge Van Tatenhove recuse in a civil case, it is to be assigned to Judge Thapar; and if Judge Thapar should recuse, the case is to be assigned to Judge Reeves.

\*\* \*\* \*\* \*\*

c. Should Judge Van Tatenhove recuse in a criminal case, it is to be assigned to Judge Thapar; and if Judge Thapar should recuse, the case is to be assigned to Judge Reeves.

Cases seeking habeas relief under 28 U.S.C. § 2255 are civil in nature. However, regardless of how the case is denominated, the case assignment following recusal is the same in the Court's Southern Division at London. The undersigned is designated to handle cases if both Judges Van Tatenhove and Thapar recuse. If the undersigned also recuses, the matter is referred to Chief District Judge Jennifer B. Coffman for reassignment to another judge within the district.

Combs seeks relief in the form of reassignment to a new judge based on assertions that he has filed a pleading in this habeas proceeding in which he accuses Senior District Judge Hood and others of engaging in fraudulent conduct. And after repeating some of the same claims contained in earlier filings, he turns his attention to the undersigned. According to Combs:

> This case is now assigned to the fourth justice in [London] Federal District Court, Judge Danny C. Reeves. And, being a life-long resident of Eastern Kentucky, Southern Region, I, as well as anyone else from the area are well aware of the federal court system in the mountains and of the infamous "hang-em high Hood" and his "understudy" Danny-Boy Reeves. This "pair" has been together for years and go together like soap and water, so who would best do the job of "cleaning-up" the hopelessly "jumbled mess" made by Judge Joseph M. Hood than his favorite side-kick — Judge Danny C. Reeves. Yeah, this is just another injustice from the District Courts of Eastern Kentucky just waiting to be "finalized" in print.

[Record No. 85]

It is undisputed that the undersigned holds Senior District Judge Hood and all United States District Judges in the Eastern District of Kentucky in high regard. However, that fact does not constitute grounds for recusal. Likewise, Combs unsupported claim that the undersigned is, or has been, a "life-long resident of Eastern Kentucky, Southern Region," does not support the relief he seeks. Although incorrect, the Court views this assertion as a compliment, not a derogatory remark. However, regardless of the characterization, neither compliments nor insults made by pro se litigants constitute grounds for recusal.

It is equally misplaced to characterize this Court's General Order as an "injustice." Instead, the General Order provides for the orderly reassignment of cases when recusals occur. Finally, as outlined above, the undersigned has presided over several matters involving Defendant Leon Combs. And while the outcome of those proceedings may provide the

motivation for his current request, they do not provide grounds for recusal. In summary, Defendant Combs' motion is not supported by the facts or legal authority. Instead, the motion appears to be an ill-founded attempt at judge shopping by Combs.

Accordingly, it is hereby

**ORDERED** that Defendant Combs' motion requesting a change of venue or, alternatively, that the matter be reassigned to Chief District Judge Coffman [Record No. 85] is **DENIED**.

This 10th day of January, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge